FILED

2026 Mar-09  AM 09:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOYCELYN CONWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-1190-GMB |
| | ) | |
| FRANK BISIGNANO, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On November 30, 2022, Plaintiff Joycelyn Conway filed an application for a period of disability and disability insurance benefits ("DIB") with an amended alleged disability onset date of March 18, 2021. Conway's application was denied at the initial administrative level and upon reconsideration. She then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a telephone hearing on September 18, 2024, and denied Conway's claims on November 18, 2024. Conway requested a review of the ALJ's decision by the Appeals Council, which declined review on May 30, 2025. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration ("Commissioner") as of May 30, 2025.

Conway's case is now before the court for review pursuant to 42 U.S.C.

§ 1383(c)(3).[1]  Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a United States Magistrate Judge. Doc. 11.  Based on a review of the parties' submissions, the relevant law, and the record as a whole, the decision of the Commissioner is due to be affirmed.

## I.  STANDARD OF REVIEW[2]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citation and internal quotation marks omitted).

---

[1] Although Conway was represented by counsel at the administrative level, she filed her complaint in federal court *pro se*.

[2] In general, the legal standards are the same whether a claimant seeks DIB or supplemental security income ("SSI").  However, separate parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to reference the appropriate parallel provision as context dictates.  The same applies to citations for statutes or regulations found in excerpted court decisions.

"Even if the evidence preponderates against the [Commissioner's] factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing is "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255 F. App'x 374, 374–75 (11th Cir. 2007) (citing *Keeton v. Dept. of Health & Human*

*Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).  There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  Conway bears the burden of proving that she is disabled and is responsible for producing evidence sufficient to support her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a).  The Commissioner must determine in sequence:

(1)  Is the claimant presently unable to engage in substantial gainful activity?
(2)  Are the claimant's impairments severe?
(3)  Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4)  Is the claimant unable to perform her former occupation?
(5)  Is the claimant unable to perform other work given her residual

4

functional capacity, age, education, and work experience?
*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015).
"An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability.  A negative answer to any question, other than [at] step three, leads to a determination of 'not disabled.'"
*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)–(f)).  "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the [Commissioner] to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985)).

### III.  RELEVANT FACTUAL BACKGROUND

Conway was 29 years old when she filed her application for benefits. R. 205.  In her disability report, Conway alleged that seizures limited her ability to work. R. 234.  She completed the 11th grade and has worked as a packer at an Amazon facility. R. 234–35.

At the hearing, Conway testified that she has five or six seizures per week. R. 41.  During her seizures, she loses consciousness and her eyes flutter. R. 41.  It takes her a day or two to recover from a seizure because she is so weak. R. 41.  She testified that she could not work because she cannot control her seizures and cannot anticipate when they will occur. R. 37 & 41.  She tried to work at a few different

places, including at a Dollar General and a carwash, but could only hold a job for about three months because of her seizures. R. 38–39.

Conway also testified about her depression. She said she is always depressed and not able to do what she used to do. R. 42. Doctors have prescribed medication for her depression, but she cannot afford to buy it. R. 40–41. Her memory has suffered, and she cannot concentrate or stay focused for even two hours. R. 42. Conway does not read or watch television; she "just sit[s] in the house." R. 43. She "just feel[s] weak, like [she] can't do nothing." R. 43.

Conway lives in a two-story townhouse with her three children, who are 14, 11, and 10 years old. R. 38. She has never had a driver's license because she is unable to go three months without a seizure. R. 38. Even so, Conway admitted she has her own car and sometimes drives herself out of necessity. R. 38–39.

The ALJ issued her decision on November 18, 2024. R. 28. Under step one of the five-step evaluation, she found that Conway had not engaged in substantial gainful activity since March 18, 2021, the amended alleged onset date. R. 22. At step two, the ALJ concluded that Conway suffers from the severe impairments of conversion disorder with pseudoseizures and adjustment disorder with anxiety and depression. R. 22–23. The ALJ noted that these medically determinable impairments cause significant limitations on Conway's ability to perform basic work activities. R. 22. At step three, however, the ALJ found that Conway does not have

an impairment or combination of impairments that meets or medically equals the

severity of one of those listed in the applicable regulations. R. 23–24.

Before proceeding to the fourth step, the ALJ determined that Conway had

the residual functional capacity ("RFC") to perform a full range of work at all

exertional levels but with the following nonexertional limitations:

> The claimant cannot climb ladders, ropes, or scaffolds. She can have
> no exposure to unprotected heights, hazardous machinery, commercial
> driving or work around large open bodies of water; and no work around
> concentrated exposure to extreme heat or extreme humidity. The
> claimant can understand, remember, carry out and make simple
> instructions, tasks and decisions consistent with unskilled work; she can
> maintain concentration, persistence, and pace for 2-hour periods for
> such tasks; she cannot have work-related interaction with the general
> public, but she can have occasional work-related interactions with co-
> workers. She can have occasional changes in a routine work setting
> and perform tasks that do not involve a specific production rate pace,
> such as assembly line work or an hourly production quota.

R. 24. At the fourth step, the ALJ determined that Conway has no past relevant

work. R. 26. At the fifth step, the ALJ considered Conway's age, education, work

experience, and RFC in determining that there are jobs that exist in significant

numbers in the national economy that Conway can perform, including work as a

marker, router, and routing clerk. R. 26–27. Therefore, the ALJ concluded that

Conway was not under a disability as defined by the Social Security Act from

December 23, 2017[3] through the date of decision. R. 27–28. Based on these findings,

---

[3] Although the ALJ referenced Conway's original alleged onset date, not her amended alleged
onset date, this error does not affect the court's decision.

the ALJ denied Conway's application. R. 31.

## IV.  DISCUSSION

Conway argues that her seizures prevent her from working. Doc. 10 at 6–7. She has had seizures since childhood, but her doctors have not been able to determine the cause and medication has not cured her. Doc. 10 at 6.  The seizures prevent her from driving. Doc. 10 at 6 & 7.  When Conway has attempted to work in the past, she claims that she "always end[s] up having to take a leave" because she "can't get the seizures under control." Doc. 10 at 6.  She argues that she "was a great worker before the seizures took back over [her] life like it did when [she] was a kid." Doc. 10 at 7.

The ALJ's RFC assessment must consider all the relevant evidence to determine the most that a claimant can do despite any limitations. 20 C.F.R. § 404.1545(a)(1).  Both the ALJ and the claimant have certain obligations in developing a sufficient record for this determination.  The claimant generally is responsible for providing evidence for the ALJ to consider when making the RFC finding. 20 C.F.R. § 404.1545(a)(3).  On the other hand, the ALJ has a "basic duty to develop a full and fair record," *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003), and it is her responsibility to assess the claimant's RFC at the administrative hearing. 20 C.F.R. § 404.1546(c).  An ALJ must articulate "explicit and adequate reasons" for discounting subjective testimony about a claimant's pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). A reviewing court will not disturb an ALJ's credibility finding supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin*., 771 F.3d 780, 782 (11th Cir. 2014).

Here, the ALJ noted Conway's claim of a history of seizures but found that the medical evidence established a diagnosis of conversion disorder with pseudoseizures. The ALJ considered this disorder to be a severe impairment and limited her RFC accordingly. Substantial evidence supports this finding, and the medical evidence does not support the severe restrictions Conway alleges. R. 22 & 25. The ALJ discussed the medical evidence, including Conway's reports of "seizure-like activity," but noted that electroencephalogram results have been normal and do not reflect an electrographic correlation with Conway's episodes and also that "[a]n absence of leukocytosis suggested against true seizure." R. 22; *see also* R. 516–17, 530, 538–39, 573–74, 581–82, 602–04, 613, 629. In fact, a neurologist found "there was no concern for seizures," diagnosed her with conversion disorder with pseudoseizures, and determined that she did not need anti-seizure medication. R. 22, 578; *see also* R. 516–17, 530, 538–39, 573–74, 581–82, 602–04, 613, 629, 578. And although the medical record reflects emergency room treatment for seizure-like activity, the ALJ noted that Conway had no recent in-patient hospitalizations. R. 25.

Ultimately, the burden of proving a disability rests with Conway. *See* 20

C.F.R. § 404.1512; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). "Under a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports h[is] position; []he must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017); *accord Preston v. Comm'r Soc. Sec. Admin.*, 748 F. App'x 268, 271 (11th Cir. 2018) (finding that the fact "some evidence supports a disability determination does not cast doubt on the propriety of the ALJ's decision"). Even if the court disagrees with the ALJ's resolution of the factual issues and would resolve the disputed questions differently, the ALJ's decision must be affirmed where, as here, it is supported by substantial evidence in the record as a whole. *See Baker o/b/o Baker v. Sullivan*, 880 F.2d 319, 321 (11th Cir. 1989). "If the Commissioner's decision is supported by substantial evidence, this [c]ourt must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). The court "will not decide facts anew, make credibility determinations, or reweigh the evidence." *Porto v. Acting Comm'r of Soc. Sec.*, 851 F. App'x 142, 145 (11th Cir. 2021) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011); *see Thomason v. Soc. Sec. Admin., Comm'r*, 2021 WL 4061423, *7 (N.D. Ala. Sept. 7, 2021) (holding that "so long as the finding of the ALJ is supported by substantial evidence, it must be affirmed by this Court"). Consistent with this standard, the court finds that

substantial evidence supports the ALJ's decision.

## V.  CONCLUSION

For these reasons, substantial evidence supports the Commissioner's decision, and it is based on the proper legal standards.  Accordingly, the decision of the Commissioner is due to be affirmed.  A final judgment will be entered separately.

DONE and ORDERED on March 9, 2026.

_____

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE